Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNICOLORS, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JIANGSU GLOBAL DEVELOPMENT, INC., a New York Corporation, individually and d/b/a "T.MILANO"; ROSS STORES INC., a California Corporation, individually, and d/b/a "DD'S DISCOUNTS"; PHOOL FASHION LTD., a New York limited company; THE VERMONT COUNTRY STORE, INC., a Vermont Corporation; CITI TRENDS INC., a Delaware Corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

- 1 -

COMPLAINT

Plaintiff, UNICOLORS, INC. (hereinafter "UNICOLORS"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff UNICOLORS is a corporation organized and existing under the laws of the State of California with its principal place of business located in Los Angeles County.

5. Plaintiff is informed and believes and thereon alleges that Defendant JIANGSU GLOBAL DEVELOPMENT, INC, individually and doing business as "T.MILANO" (collectively "T.MILANO") is a corporation organized and existing under the laws of the state of New York, with its principal place of business located at 1407 Broadway Room 2510, New York, NY 10018 and is doing business in and with the state of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant ROSS STORES, INC., individually and doing business as "DD'S DISCOUNTS" (collectively "ROSS"), is a corporation organized and existing under the laws of the state of California with its principal place of business located at 5130 Hacienda Drive, Dublin, CA 94568 and is doing business in and with the state of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant

PHOOL FASHION LTD ("PHOOL") is a limited company organized and existing under the laws of the state of New York, with its principal place of business located at 241 West 37th St Room 518, New York, NY 10018 and is doing business in and with the state of California.

8. Plaintiff is informed and believes and thereon alleges that Defendant THE VERMONT COUNTRY STORE, INC., ("VERMONT") is a corporation organized and existing under the laws of the state of Vermont, with its principal place of business located at 5650 Main Street, Manchester CTR., VT, 05255 and is doing business in and with the state of California.

9. Plaintiff is informed and believes and thereon alleges that Defendant CITI TRENDS INC., ("CITI TRENDS") is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 104 Coleman Blvd., Savannah, GA, 31408 and is doing business in and with the state of California.

10. Plaintiff is informed and believes and thereon alleges that some of Defendants DOES 1 through 5, inclusive, are manufacturers and/or vendors of garments to named Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric printed with Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-5, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

11. Defendants DOES 6 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the

wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants DOES 6 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

12. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## **CLAIMS RELATED TO DESIGN CE169**

13. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile printing. It allocated this design the name CE169 (hereinafter "Subject Design"). This artwork was a creation of Plaintiff and Plaintiff's design team, and is, and at all relevant times, was owned exclusively by Plaintiff.

14. Plaintiff applied for and received a United States Copyright Registration for the Subject Design.

15. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design to numerous parties in the fashion and apparel industries.

16. Following this distribution of product bearing the Subject Design, Plaintiff's investigation revealed that certain entities within the fashion and apparel

industries had misappropriated the Subject Design, and were selling fabric and garments bearing illegal reproductions and derivations of the Subject Design.

17. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, T.MILANO and certain DOE Defendants created, sold, manufactured, caused to be manufactured, and distributed garments comprised of fabric featuring designs which are identical to or substantially similar to the Subject Design (hereinafter "Infringing Garment A") to at least one retailer, ROSS, who then sold said garments to the public. These garments include but are not limited to the garment shown below with Style Number 70006897QS.

18. It is apparent from a comparison of the Subject Design and Infringing Garment A that the elements, composition, colors, arrangement, layout, and appearance of the designs are substantially similar.

| Subject Design | Infringing Garment A |
|---|---|
| | |

19. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, PHOOL and certain DOE Defendants created, sold, manufactured, caused to be manufactured, and distributed garments comprised of fabric featuring designs which are identical to or substantially similar to the Subject Design (hereinafter "Infringing Garment B") to at least one retailer, VERMONT, who then sold said garments to the public. These garments include but are not limited to the garment shown below with Style Number 63454.

20. It is apparent from a comparison of the Subject Design and Infringing Garment B that the elements, composition, colors, arrangement, layout, and appearance of the designs are substantially similar.

| Subject Design | Infringing Garment B |
| --- | --- |
|  | |

21. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, T.MILANO and certain DOE Defendants created, sold, manufactured, caused to be manufactured, and distributed garments comprised of fabric featuring designs which are identical to or substantially similar to the Subject Design (hereinafter "Infringing Garment C") to at least one retailer, CITI TRENDS, who then sold said garments to the public. These garments include but are not limited to the garment shown below with Style Number 70006890QS.

22. It is apparent from a comparison of the Subject Design and Infringing Garment C that the elements, composition, colors, arrangement, layout, and appearance of the designs are substantially similar.

| Subject Design | Infringing Garment C |
|---|---|
|  |  |

- 7 -

COMPLAINT


# FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

23. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

24. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Design by Plaintiff for its customers.

25. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailer, and each of them, and supplied garments to said retailer, which garments infringed the Subject Design in that said garments were composed of fabric which featured unauthorized print design(s) that were identical or substantially similar to the Subject Design, or were an illegal derivation or modification thereof.

26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling garments which infringe the Subject Design through a nationwide network of retail stores, catalogues, and through on-line websites.

27. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

28. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

29. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the Subject Design in an amount to be established at trial.

30. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

31. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

32. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Design as alleged herein.

33. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

34. By reason of the Defendants', and each of their acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

35. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

36. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against All Defendants

### With Respect to Each Claim for Relief

a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the product at issue;

d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

e. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

f. That Plaintiff be awarded pre-judgment interest as allowed by law;

g. That Plaintiff be awarded the costs of this action; and

h. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: January 25, 2016     By:     */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff
UNICOLORS, INC.